For the reasons set forth above the motion will be denied.

STEVEN J. KARAS AND EDWARD ZUCCHI, PLAINTIFFS, v. THE BOARD OF ADJUSTMENT OF THE BOROUGH OF CLOSTER, THE MAYOR & COUNCIL OF THE BOROUGH OF CLOSTER AND JOSEPH ACCORDINO, CONSTRUCTION OFFICIAL OF THE BOROUGH OF CLOSTER, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 20, 1977.

---

[1] In these cases the writ of attachment issued but was quashed on motion.

*Mr. Mitchell S. Camp* for plaintiffs.

*Mr. Edwin C. Eastwood, Jr.,* for defendant, Board of Adjustment of Borough of Closter.

*Mr. Jonathan N. Harris,* for defendants Mayor and Council of Closter and Joseph Accordino, Construction Official of Closter (*Messrs. Andora, Palmisano & DeCotiis,* attorneys).

CASSIDY, J. J. D. R. C., Temporarily Assigned. This action involves a novel question of statutory interpretation of *N. J. S. A.* 40:55D–17 of the new Municipal Land Use Act.

■ The facts indicate that plaintiffs had made application to defendant board of adjustment for a use variance, and such application was denied. Plaintiffs then filed a notice of appeal to the governing body of the borough, seeking a review of the board of adjustment's denial, and simultaneously filed this action in lieu of prerogative writs.

*N. J. S. A.* 40:55D–17(a) of the Municipal Land Use Act provides in part:

(a) Any interested party may appeal to the governing body (1) any final decision of a board of adjustment approving an application for development pursuant to subsection 57d. (*N. J. S. A.* 40:55D–70), and (2) if so permitted by ordinance, any other final decision of a board of adjustment or planning board on any other class of applications for development. * * *

The local ordinance of the Borough of Closter with relation to *N. J. S. A.* 40:55D–17 provides that

14.110 — Any interested party may appeal to the Governing Body the affirmative decision of the Board of Adjustment approving an application pursuant to *N. J. S. A.* 40:55D–70(d) * * *

14.120 — An appeal from any final decision of the Board of Adjustment other than an appeal described in Section 14.110 herein, * * * may be taken to the Governing Body as provided herein and in accordance with C. 40:55D–17.

*N. J. S. A.* 40:55D–17(a)(2) provides that an appeal may be taken on a final decision of the board of adjustment or planning board if permitted by local ordinance. The local ordinance in question refers the basis back to the state statute, other than an approval of a decision.

The statute and local ordinance specifically states that an appeal may be taken to the governing body which involves an *approval* of a board of adjustment or planning board. However, it is silent as to the procedure for an appeal of a *denial* of a variance application.

A close reading of the statute (*N. J. S. A.* 40:55D–17) indicates that it is a permissive type of statute regarding the appeal process. *N. J. S. A.* 40:55D–17(a)(2) allows an appeal to a governing body only if permitted by local ordinance. As the local ordinance in question does not permit appeals of a denial of a variance to the governing body, it does not fall within the permitted actions concerning appeals contained in *N. J. S. A.* 40:55D–17(a)(2).

Powers cannot be created by a municipality or borough which do not exist under state legislation. In the present case an appeal to the governing body of a denial of a use variance does not exist. Use variance denials must be taken by appeal to the Superior Court.

The Court therefore grants partial summary judgment on the third count of the complaint, finding that the mayor and council of the Borough of Closter have no jurisdiction to hear and decide plaintiffs' appeal from the denial of the use variance.

The cross-motion of defendant is granted.